UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

DÈSIRÈE ISABEL LÖVENICH,

        Petitioner,

vs.                                               Case No. 3:14-cv-1265-J-34JBT

CLARENCE VICTOR WASHINGTON,

        Respondent.
_____/

# **ORDER**

**THIS CAUSE** is before the Court on Petitioner's Verified Petition for Return of Minor Child to Petitioner and Petition for Immeidate [sic] Issuance of Show Cause Order to Respondent (Doc. 1; Verified Petition), filed on October 17, 2014. Petitioner filed the Verified Petition pursuant to The Convention on the Civil Aspects of International Child Abduction ("the Hague Convention"), Oct. 25, 1980, T.I.A.S. No. 11670, as implemented by the International Child Abduction Remedies Act ("ICARA"), 42 U.S.C. § 11601, et seq.[1] Respondent filed an Acceptance of Service of Process (Doc. 11) in this case on November 4, 2014. The Court held a status conference on November 5, 2014, at which Petitioner's counsel, Respondent, and Respondent's counsel appeared in person. See Order (Doc. 9); Minute Entry (Doc. 13; Status Conference).

In the Verified Petition, Petitioner asserts that her minor child, C.V.J.W. (the Minor Child), was wrongfully removed from Germany by the Minor Child's father (Respondent), and is being wrongfully retained in the Middle District of Florida. See Verified Petition at 2-7.

---

[1] Recently, ICARA was editorially reclassified as 22 U.S.C. § 9001, et seq. See 42 U.S.C. § 11601.

Petitioner asserts that Germany was the Minor Child's habitual residence prior to Respondent's wrongful removal of the child in October 2013. See Verified Petition at 6. In the Verified Petition, Petitioner requests, inter alia, that the Court enter an "immediate order pursuant to 42 U.S.C. § 11604 prohibiting the removal of [the Minor Child], from the jurisdiction of this Court, taking into safe-keeping all of the [Minor Child's] travel documents and setting an expedited hearing on the Petition for Return of child to Petitioner." See Verified Petition at 8.

Pursuant to ICARA, the Court "may take or cause to be taken measures under Federal or State law, as appropriate, to protect the well-being of the child involved or to prevent the child's further removal or concealment before the final disposition of the petition." See 22 U.S.C. § 9004(a). Upon review of the Verified Petition, the Court determines that some relief is warranted to assure the continued presence of the Minor Child in this jurisdiction pending a hearing on the merits of the Verified Petition. Accordingly, at the Status Conference the Court inquired whether Respondent would agree to the entry of an Order directing Respondent to surrender the Minor Child's travel documents, and prohibiting Respondent from removing the Minor Child from this Court's jurisdiction, or changing the Minor Child's residence, absent written permission from the Court. Counsel for Respondent advised that Respondent agreed to the entry of such an Order.[2]  With that background,

---

[2] Indeed, Respondent brought the Minor Child's United States Passport to the Status Conference in anticipation of surrendering it to the Court. The Court accepts Respondent's representation at the Status Conference that the United States Passport is the Minor Child's only passport. However, Respondent is cautioned that the Court's Order requires the surrender of all the Minor Child's travel documents. As such, if another passport or travel document for the Minor Child does exist, he must immediately relinquish it or risk being held in contempt of court.

pursuant to the Court's authority under 22 U.S.C. § 9004(a), and with the consent of the parties, the Court announced its oral order that:

1. During the pendency of this case, Respondent Clarence Victor Washington shall not remove the minor child, C.V.J.W., or send C.V.J.W. outside the jurisdiction of this Court, the Jacksonville Division of the Middle District of Florida, absent permission of this Court.

2. Respondent Clarence Victor Washington shall not change the residence of C.V.J.W. without prior approval from this Court.

3. Respondent Clarence Victor Washington shall immediately surrender all travel documents of the minor child, C.V.J.W., to the Clerk of the Court for the United States District Court, Middle District of Florida, Jacksonville Division.

4. The Clerk of this Court shall retain the travel documents of C.V.J.W. until the resolution of this case.

For the reasons stated on the record at the November 5, 2014 hearing, the Court now confirms its oral order.

**DONE AND ORDERED** in Jacksonville, Florida on November 5, 2014.

MARCIA MORALES HOWARD
United States District Judge

lc11
Copies to:

Counsel of Record